UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY L. THOMPSON                                                              PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:23-CV-3161-KHJ-MTP

TYSON FOOD INC., et al.                                                       DEFENDANTS

ORDER

Before the Court are Defendants Tyson Food Inc.'s [8] and Jeffery Hill's [10] Motions to Dismiss. The Court grants both motions. The Court dismisses all claims against Tyson without prejudice, dismisses all claims against Hill with prejudice, and grants pro se Plaintiff Johnny L. Thompson leave to file an amended complaint by May 10, 2024.

I.    Background

This case arises from Thompson's termination of employment. In 2023, Thompson was a wastewater operator at Tyson. *See* Compl. [1] at 4.[1] His manager, Hill, began complaining that Thompson was overtreating wastewater. *Id.* Thompson responded that discharging contaminated water could violate federal environmental law. *See id.* Following their dispute, Hill "started harassing" Thompson, "telling other operators that [Thompson] was the weakest and slowest operator." *Id.*; *see*

---

[1] Thompson sued "Tyson Food Inc." [1] at 1. He should have sued "Tyson Farms, Inc." [8] at 1 n.1.

*also id.* at 3 (alleging that "retaliation started when [Thompson] wouldn't discharge polluted water").

A couple of months later, Tyson's rotary screen broke down. *See id.* at 4. Thompson followed all procedures, showing the maintenance department where the bypass was and notifying them that operators were not authorized to open it. *See id.* Hill, by contrast, "would come in and reset the machine and alarm, which [meant Hill was] discharging polluted water." *Id.* Thompson and another operator objected. *Id.* In response, Hill wrote Thompson up, despite an internal memorandum that prohibited operators from opening the bypass. *See id.* at 4, 6. Thompson then complained to a human-resources employee, Angela Hamilton. *See id.* at 6.

A few months after that, Thompson requested two days off. *See id.* Hamilton told him to take the two days. *See id.* Upon Thompson's return, Hill threatened to write him up for "breaking a door that every operator said was broke[n] for 3 years before [Thompson] got there" and for "washing [Thompson's] truck." *See id.* Hill also directed Thompson to report to Hamilton about his two-day absence. *Id.* This time around, Hamilton "stated that 2 days of absence is automatic termination." *Id.* Tyson fired Thompson and hired a replacement, who was between 23 and 25 years old. *See id.* at 3.[2]

Thompson sued Tyson and Hill. [1]. Liberally construed, his Complaint raises three claims against each Defendant: (1) age discrimination under the Age Discrimination in Employment Act (ADEA); (2) retaliation under Title VII; and (3)

---

[2] The Complaint does not state Thompson's own age. *See* [1]; [1-1].

2

retaliatory discharge under state law. *See id.* at 3–6. Tyson and Hill each moved to dismiss under Rule 12(b)(6). [8]; [10]. Thompson never responded, even after the Court ordered him to do so. *See* Order [14]. The Court now turns to the motions to dismiss.

II.   Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). The Court "accepts all well-pleaded facts as true" but "does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (cleaned up).

"[I]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quotation omitted). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quotation omitted).

III.   Analysis

The Court starts with the claims against Tyson. It dismisses those claims without prejudice, which means that Thompson may file an amended complaint

raising those same claims against Tyson. The Court grants Thompson leave to file an amended complaint by May 10, 2024.

The Court then addresses the claims against Hill. It dismisses those claims with prejudice, which means that Thompson may not raise those same claims against Hill. Put differently, Thompson's claims against Hill fail as a matter of law.

A. Tyson

The Court dismisses the ADEA, Title VII, and *McArn* claims against Tyson without prejudice. It grants Thompson leave to file an amended complaint by May 10, 2024, to address the deficiencies discussed below.

First, Thompson has not yet stated a plausible ADEA claim. An ADEA plaintiff must "plead sufficient facts on all of the ultimate elements." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up). While a complaint "need not contain specific facts establishing a prima facie case of discrimination," the elements of a prima facie case may help to "frame" the Court's analysis. *Id.* (cleaned up).[3] Thompson's Complaint "does not state his own age," so it is unclear whether Thompson was in the protected class of "individuals who are at least 40 years of age." Tyson Mem. [9] at 5; 29 U.S.C. § 631(a). Given that, the Court cannot draw a "reasonable inference" that Tyson is liable for age discrimination. *See*

---

[3] "To make out a prima facie case of discriminatory treatment based on age," a plaintiff must establish four elements: (1) he is within the protected class ("individuals who are at least 40 years of age"); (2) he is qualified for the position; (3) he suffered an adverse employment decision; and (4) he was "replaced by someone younger or treated less favorably than similarly situated younger employees." *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003); 29 U.S.C. § 631(a).

*Watkins*, 90 F.4th at 817 (quoting *Iqbal*, 556 U.S. at 678). The Court therefore dismisses the ADEA claim without prejudice.

Second, Thompson's Complaint does not state a plausible Title VII retaliation claim. Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Thompson's Complaint does not plead facts showing that he engaged in activity protected by Title VII, such as protesting unlawful discrimination or participating in a Title VII proceeding. *See* [9] at 3–4. While Thompson does assert that he "engage[d] in protected activity," [1] at 3, the Court cannot "accept as true conclusory allegations." *Watkins*, 90 F.4th at 817 (quoting *Iqbal*, 556 U.S. at 678). The Court thus dismisses the Title VII retaliation claim without prejudice.

Third, Thompson has not stated a plausible *McArn* claim against Tyson. In *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993), the Mississippi Supreme Court "modified the employment at will doctrine by carving out a narrow public policy exception which allows an employee at-will to sue for wrongful discharge where the employee is terminated because of (1) refusal to participate in illegal activity or (2) reporting the illegal activity of his employer to the employer or anyone else." *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 986 (Miss. 2004) (citing *McArn*, 626 So. 2d at 606–07); *see also DeCarlo v. Bonus Stores, Inc.*, 989 So.

5

2d 351, 357 (Miss. 2008) (permitting *McArn* claim based on "reporting a co-employee's illegal acts that relate to the employer's business"). The *McArn* analysis focuses on actual "criminal illegality," not "what the plaintiff reasonably believed to be illegal." *See Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402–04 & n.4 (5th Cir. 2005); *see also Roop v. S. Pharms. Corp.*, 188 So. 3d 1179, 1185 (Miss. 2016) (noting that *McArn* exception "does require that the acts complained of warrant the imposition of criminal penalties, as opposed to mere civil penalties") (quotation omitted).

    Though it is a close question, Thompson has not pleaded a plausible *McArn* claim: He fails to allege facts supporting a reasonable inference that the acts complained of warranted the imposition of criminal penalties. Thompson states that he refused to "discharg[e] contaminated water, [which] could cause [an] EPA violation." [1] at 4. He also states that he reported Hill for "discharging polluted water/CWA violation." *Id.* But Thompson may not simply assert the legal conclusion that Hill's actions violated federal environmental law's criminal provisions. *See Prescott*, 73 F.4th at 318.[4] Instead, Thompson must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Watkins*, 90 F.4th at 817 (quoting *Iqbal*, 556 U.S. at 678). Because the Court lacks important factual information about the allegedly criminal acts—where Tyson discharged its wastewater, what contaminants or pollutants were allegedly in the

---

[4] Thompson invokes the Clean Water Act, but only certain actions violate that law's criminal provisions. *See, e.g.*, 33 U.S.C. § 1319(c); *Criminal Provisions of Water Pollution*, U.S. Env't Prot. Agency (last updated Nov. 1, 2023), www.epa.gov/enforcement/criminal-provisions-water-pollution.

wastewater, and so forth—it cannot say that Thompson has "nudged [his *McArn* claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court thus dismisses the *McArn* claim without prejudice.[5]

Thompson may reassert all three claims against Tyson. *See, e.g., Hernandez v. W. Tex. Treasures Est. Sales, LLC*, 79 F.4th 464, 468 (5th Cir. 2023). In doing so, Thompson must allege facts going to the ultimate elements of each of his claims against Tyson. Thompson must file his amended complaint no later than May 10, 2024.

B. Hill

Hill is not subject to individual liability under the ADEA, Title VII, or the *McArn* exceptions. The Court thus dismisses all three claims against Hill with prejudice.

First, the ADEA "provides no basis for individual liability for supervisory employees." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)). Thompson's ADEA claim against his "supervisor Jeffery Hill" thus fails. [1] at 4.

Second, "relief under Title VII is available only against an employer, not an individual supervisor." *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003).

---

[5] The Court need not address Tyson's alternative argument: that the Court should decline to exercise supplemental jurisdiction over the *McArn* claim. [9] at 5−6. Tyson failed to address whether this Court may exercise original diversity jurisdiction over that claim. *See id.*

7

Thompson's Title VII claim against his "supervisor Jeffery Hill" therefore fails. [1] at 4.

And third, "the laws of Mississippi do not allow for individual liability for the tort of retaliatory discharge even if the individual defendant's participation in the discharge was in the course and scope of the individual defendant's employment." *DeCarlo*, 989 So. 2d at 359. That is, *McArn*'s "narrowly carved-out exceptions to [the] employment-at-will doctrine . . . were intended only to impose liability on the employer and not on individual defendants." *Id.* at 358–59. So Thompson's retaliatory-discharge claim against Hill, an individual defendant, fails.

Because Hill is not subject to individual liability under the ADEA, Title VII, or the *McArn* exceptions, the Court dismisses those three claims with prejudice.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Defendant Tyson Food Inc.'s [8] Motion to Dismiss and DISMISSES all three claims against Tyson without prejudice. The Court GRANTS Defendant Jeffery Hill's [10] Motion to Dismiss and DISMISSES all three claims against Hill with prejudice. And the Court GRANTS Thompson leave to file an amended complaint by May 10, 2024.

SO ORDERED, this 5th day of April, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
