UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY L. THOMPSON                                                                PLAINTIFF

V.                                          CIVIL ACTION NO. 3:23-CV-3161-KHJ-MTP

TYSON FOOD INC., et al.                                                        DEFENDANTS

ORDER

Before the Court is Defendant Tyson Food Inc.'s [17] Motion to Dismiss.[1] The Court grants the motion. The Court will enter a separate final judgment that closes this case.

I.   Background

The Court described this case's background in its prior [15] Order, which dismissed pro se Plaintiff Johnny L. Thompson's original [1] Complaint.

That prior Order dismissed without prejudice Thompson's claims against Tyson, explaining why each claim fell short of the Rule 12(b)(6) pleading standard. *See* [15] at 4–7. First, his Age Discrimination in Employment Act (ADEA) claim failed because Thompson did not "state his own age." *Id.* at 4–5. Second, his Title VII retaliation claim failed because Thompson did "not plead facts showing that he engaged in activity protected by Title VII." *Id.* at 5. And third, his *McArn* claim failed because Thompson did not "allege facts supporting a reasonable inference

---

[1] Thompson sued "Tyson Food Inc." Compl. [1] at 1. He should have sued "Tyson Farms, Inc." Tyson's Mem. [18] at 1 n.1.

that the acts complained of warranted the imposition of criminal penalties." *Id.* at 5–7. The Court allowed Thompson to file an amended complaint addressing those deficiencies. *Id.* at 4.[2]

Thompson filed an [16] Amended Complaint, which Tyson moves to dismiss for basically the same reasons set forth in the Court's prior Order. *See* Tyson's Mem. [18] at 9. The Court now takes up Tyson's motion.

## II. Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). The Court "accepts all well-pleaded facts as true" but "does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (cleaned up).

"[I]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quotation omitted). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory

---

[2] The Court dismissed with prejudice Thompson's claims against his former supervisor, Jeffery Hill. [15] at 7–8.

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quotation omitted).

III.   Analysis

Thompson's Amended Complaint falls short of the Rule 12(b)(6) pleading standard. The Court therefore grants Tyson's motion to dismiss.

First, Thompson has not stated a plausible ADEA claim. An ADEA plaintiff must "plead sufficient facts on all of the ultimate elements." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up). While a complaint "need not contain specific facts establishing a prima facie case of discrimination," the elements of a prima facie case may help to "frame" the Court's analysis. *Id.* (cleaned up).[3] Thompson's Amended Complaint still does "not state his own age," so it is unclear whether Thompson was in the protected class of "individuals who are at least 40 years of age." [18] at 3; 29 U.S.C. § 631(a). Given that, the Court cannot draw a "reasonable inference" that Tyson is liable for age discrimination. *See Watkins*, 90 F.4th at 817 (quoting *Iqbal*, 556 U.S. at 678). The Court therefore dismisses the ADEA claim without prejudice.

Second, Thompson's Amended Complaint does not state a plausible Title VII retaliation claim. Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed

---

[3] "To make out a prima facie case of discriminatory treatment based on age," a plaintiff must establish four elements: (1) he is within the protected class ("individuals who are at least 40 years of age"); (2) he is qualified for the position; (3) he suffered an adverse employment decision; and (4) he was "replaced by someone younger or treated less favorably than similarly situated younger employees." *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003); 29 U.S.C. § 631(a).

any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Thompson's Amended Complaint still does not plead facts showing that he engaged in activity protected by Title VII, such as protesting unlawful discrimination or participating in a Title VII proceeding. *See* [18] at 4–6.[4] To be sure, the Amended Complaint alleges that Thompson saw his former supervisor engage in "what appeared to be [i]nappropriate [b]ehavior" with a "younger black male," and that Thompson told human resources what he saw. [16] at 4. But the Amended Complaint does not specify what that "[i]nappropriate [b]ehavior" was, or what exactly Thompson told human resources about that "[i]nappropriate [b]ehavior." *See id.* Because the Court is still lacking "factual content that allows [it] to draw the reasonable inference that the defendant is liable," the Court again dismisses the Title VII retaliation claim without prejudice. *Watkins*, 90 F.4th at 817 (quoting *Iqbal*, 556 U.S. at 678).

Third, Thompson has not stated a plausible *McArn* claim against Tyson. In *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993), the Mississippi Supreme Court "modified the employment at will doctrine by carving out a narrow

---

[4] Thompson says that he told human resources about his supervisor's "continual[] harassment." [16] at 4. But it appears that Thompson was informing human resources about alleged "age discrimination." *See id.* at 3. Title VII does not cover age discrimination; the ADEA does.

While the ADEA prohibits retaliation for opposing unlawful age discrimination, *see* 29 U.S.C. § 623, Thompson does not state a plausible ADEA retaliation claim because he does not state his own age. *See supra* page 3.

public policy exception which allows an employee at-will to sue for wrongful discharge where the employee is terminated because of (1) refusal to participate in illegal activity or (2) reporting the illegal activity of his employer to the employer or anyone else." *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 986 (Miss. 2004) (citing *McArn*, 626 So. 2d at 606–07); *see also DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 357 (Miss. 2008) (permitting *McArn* claim based on "reporting a co-employee's illegal acts that relate to the employer's business"). The *McArn* analysis focuses on actual "criminal illegality," not "what the plaintiff reasonably believed to be illegal." *See Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402−04 & n.4 (5th Cir. 2005); *see also Roop v. S. Pharms. Corp.*, 188 So. 3d 1179, 1185 (Miss. 2016) (noting that *McArn* exception "does require that the acts complained of warrant the imposition of criminal penalties, as opposed to mere civil penalties") (quotation omitted).

Thompson has not pleaded a plausible *McArn* claim: He fails to allege facts supporting a reasonable inference that the acts complained of warranted imposing criminal penalties. Thompson again states that he refused to "discharg[e] contaminated water." [16] at 3. But once again, the Court lacks important factual information about the allegedly criminal acts—where Tyson discharged its wastewater, what contaminants or pollutants were allegedly in the wastewater, and so forth. *See id.*; [15] at 6−7.[5] As before, the Court cannot say that Thompson has

---

[5] Thompson now alleges that he told his supervisor that if he brought his chemical "level down," then "tribility or ph [would] go up." [16] at 3. The Court assumes that Thompson meant "turbidity." In any case, Thompson does not include the facts necessary to state a plausible *McArn* claim. *See* [15] at 6−7. Indeed, Thompson's Amended Complaint includes

5

"nudged [his *McArn* claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court thus dismisses the *McArn* claim without prejudice.[6]

Finally, Thompson's same-sex harassment claim fails. Thompson alleges that his former supervisor "ask[ed] if [Thompson] wanted to go to a Christmas party." [16] at 2. Thompson "truly believe[s]" that his former supervisor "was hitting on [him]" by "looking down towards [Thompson's] penis area and standing to[o] close." *Id.* But without more facts, the invitation to a Christmas party does not plausibly state a claim for "discrimination because of sex." *See Moore v. USG Corp.*, No. 2:10-CV-66, 2011 WL 4386246, at *10–11 (N.D. Miss. Sept. 20, 2011) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). The Court dismisses this claim, too, without prejudice.

In summary, each of Thompson's claims against Tyson falls short of the Rule 12(b)(6) pleading standard. The Court will enter a separate final judgment that closes this case.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Defendant Tyson

---

less factual content supporting a *McArn* claim than the original Complaint did. *Compare* [16] at 3, *with* [1] at 4, 6.

[6] The Court need not address Tyson's alternative argument: that the Court should decline to exercise supplemental jurisdiction over the *McArn* claim. [18] at 6–7. As before, Tyson failed to address whether this Court may exercise original diversity jurisdiction over that claim. *See id.*

Food Inc.'s [17] Motion to Dismiss. The Court will enter a separate final judgment consistent with this Order and its prior [15] Order.

SO ORDERED, this 25th day of July, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE